UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

T'MELLE RAWLINGS,                    :

    Plaintiff,                   :

                                   CIVIL ACTION

v.                                   :

                                   1:03-CV-1290-MHS

WANDA LOPES COLEMON, as              :
Administratrix of the Estate of
LISA NICOLE LOPES, et al.,           :

    Defendants.                  :

## ORDER

This action is before the Court on a motion for summary judgment filed by defendants 3:15, Inc., Bush Babies, Inc., Tao Tech, Inc., T'Sai, Inc., UNI Music, Inc., UNI Studios, Inc., U.N.I. Publishing, Inc., and Little Red, Inc. For the following reasons, the Court grants the motion.

Background

On April 25, 2002, plaintiff T'Melle Rawlings, a passenger in a rented Mitsubishi Montero driven by Lisa Nicole Lopes, was seriously injured when the automobile was involved in an accident in Honduras. Lopes, a member of the successful all-female singing group known as TLC, died in the accident. Alleging that the accident was caused by Lopes's negligence, Rawlings sued

the Lopes estate together with ten corporate entities that Lopes had formed to manage her TLC affairs and her creative and business affairs outside of TLC.[1] Rawlings sued the corporations under a theory of respondeat superior, alleging with respect to each that at the time of the accident Lopes was "acting within the scope of her authority and/or the course of her employment." Am. Compl. ¶ 27.

Eight of the ten corporations– defendants 3:15, Inc., Bush Babies, Inc., Tao Tech, Inc., T'Sai, Inc., UNI Music, Inc., UNI Studios, Inc., U.N.I. Publishing, Inc., and Little Red, Inc.–now move for summary judgment on the grounds that they were not conducting any business in Honduras at the time of the accident, nor was Lopes acting as an agent for any of them at that time. Consequently, movants contend there is no basis for plaintiff's respondeat superior claims against them.

---

[1] Rawlings also sued several other defendants, all of whom have either been dismissed or were never served.

2

Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." Id. at 325. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. Id. at 324.

In reviewing a motion for summary judgment, the Court must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. WSB-TV v. Lee, 824 F.2d 1266, 1270 (11th Cir. 1988). Nevertheless, "a mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

AO 72A
(Rev.8/82)

Discussion

For a corporation to be held liable for the acts of its agent under the theory of respondeat superior, the agent must be conducting business or acting on behalf of the corporation at the time of the acts in question. Sparks v. Buffalo Cab Co., 113 Ga. App. 528, 529, 148 S.E.2d 919 (1966). It is not sufficient that the act occurs during the course of the agent's employment if the act is entirely disconnected from the service or business of the corporation. Id. at 530.

Movants submit the affidavits of Clifford Lovette, the attorney who represented Lopes and her various business entities from April 2000 until her death, and Stephanie Patterson, Lopes's personal assistant. Both state that although Lopes was conducting business for non-movant defendants Left Eye Productions, Inc., and Creative Castle, Inc., during the trip to Honduras and at the time of the accident, she was not acting as an agent or conducting business for any movant at that time. With the introduction of this evidence, the burden shifts to Rawlings to go beyond the pleadings and present specific evidence giving rise to a triable issue of fact.

4

In response to the motion for summary judgment, Rawlings relies on her own testimony that during the Honduras trip she "personally observed" Lopes "working on several projects including: a clothing line, a new solo project, and a book of journal entries and poetry." Rawlings Aff. ¶ 8. Plaintiff implies that Lopes may have been working on one or all of these projects on behalf of any, several, or all of the movants.

The Court concludes that Rawlings has failed to present sufficient evidence to create a triable issue of fact. It is a matter of pure speculation whether the activities observed by Rawlings were on behalf of any of the movants. In the face of defendants' affirmative evidence that Lopes was not engaged in any business on behalf of these entities during the Honduras trip, such speculation is insufficient to meet plaintiff's burden on summary judgment.

Summary

For the foregoing reasons, the Court GRANTS defendants' motion for summary judgment [#59] and DISMISSES all claims against defendants 3:15, Inc., Bush Babies, Inc., Tao Tech, Inc., T'Sai, Inc., UNI Music, Inc., UNI

Studios, Inc., U.N.I. Publishing, Inc., and Little Red, Inc.  The remaining parties shall submit their proposed consolidated pretrial order within thirty (30) days of the date of entry of this order.

IT IS SO ORDERED, this ____ day of February, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

6